Anthony M. Livoti, J.
Motion for a stay of arbitration granted.
A collective bargaining agreement was entered by the Engineers Association and Sperry Gyroscope Division (hereafter Sperry) of Sperry Band Corporation on July 7, 1958. By the terms of that agreement, the employer, Sperry, agreed inter alia “ to pay its present share up to the present cost of Hospitalization and Surgical Benefits and shall pay the cost of anesthesia and in-hospital medical coverage riders ” (art. 16, subd. E [1]). On November 2, 1959 the Engineers Association submitted to the vice-president for industrial relations of Sperry a grievance in writing. The grievance was concerned with (1) the failure of the company (Sperry) to disclose the amount of refunds received from the United Medical Service and the United Hospital Service, and (2) the failure of the company (Sperry) “ to return to the persons in the bargaining unit their pro rata share of such premium refunds ”. On December 12, 1959, the answer of the employer was ‘ ‘ There is no contractual violation. ’ ’
By the contract it is provided (art. 20, subd. l[c]) that “ In the event that the Association does not accept the Employer’s answer it shall within two weeks after the receipt thereof, notify the Employer of its intention to submit the same for arbitration. In the event of the failure of either the Employer or the Association to comply with the time limitations herein-above imposed upon the parties, then the grievance shall be deemed either withdrawn or affirmatively accepted, as the case may be.” (Emphasis supplied.) No demand to submit that grievance to arbitration'was made but on December 18, 1959 a second grievance was filed in which it was stated that “ The Company has not complied with Article 16E1 of the contract in that it has not paid its specified share of the cost of Hospital and Surgical Benefits since 1950 inasmuch as refunds from the plan have effectively reduced the actual cost to the Company. The Engineers Association demands that these refunds received by the Company from the Hospital and( Surgical Benefits carrier be distributed to the bargaining unit members on a pro rata basis.” On January 21, 1960 the second grievance was rejected by answer providing “ This grievance calls for a distribution of an experience-rated refund and a grievance *558 calling for that same remedy has been filed and answered by the Company. Therefore, this question is now foreclosed. The company has complied with the contract requirements and no violation has occurred.” (Emphasis supplied.)
Obviously the second grievance is the same as the first grievance with the exception that no request is made in the second for a disclosure of the amount of the refunds. In each grievance a request is made, however, for the return to the persons in the bargaining unit of a prorata share of the premium refunds.
The parties to the agreement have provided therein for a grievance procedure and the time limitation for a demand for arbitration. The second grievance is barred by the affirmative acceptaMce of the answer to the first grievance. Res judicata applies to arbitration proceedings as well as to actions (Hall v. Sperry Gyroscope Co., 130 N. Y. S. 2d 505, 512; Reo Garment v. Jason Corp., 6 A D 2d 401). The fact that a second grievance was filed before the time to demand arbitration of the first grievance had expired does not justify a holding to the contrary. Were the court to recognize the validity of the second grievance as an extension of the time provided by the contract it would not only be inconsistent with the plain provision of the contract providing for a demand for arbitration within two weeks, but such interpretation could lead to a succession of grievances all submitted prior to the expiration of the time to demand arbitration from the preceding grievance had elapsed and thereby extend ad infinitum the arbitration proceeding.
In view of the fact that the failure to demand arbitration of the first grievance bars the second grievance, it is unnecessary to discuss the other points raised by counsel respecting the contents of the agreement.